ELLIS, Judge.
This suit was brought by Roland A. Breaux and Middlesex Mutual Fire Insur- *113 anee Co., bis collision insurer, against Emile LeBlanc, seeking the cost of repairing damages to the Breaux automobile as a result of a collision with the defendant’s car. The lower Court dismissed plaintiff’s suit at their cost, and this appeal was perfected.
A stipulation shows the accident happened on February 7, 1953 at approximately 8:15 p. m. at the intersection of U. S. Highway No. 90 between New Iberia and Jeanerette, and the Nelson Canal Road; that at the time of the collision the weather was clear and the highway dry; that the Nelson Canal Road is a Parish road.
The defendant, LeBlanc, was traveling west. He had, as passengers in his car, Mrs. Audrey L. Bourgeois and August Broussard. The LeBlanc car was followed closely by another automobile which is unidentified. The plaintiff, Breaux, was also traveling west, following the defendant’s car and the one which was immediately behind it.
The defendant testified he was going to turn left at the Nelson Canal Road; that he was traveling at a speed of about 30 to 35 miles per hour; that the lights on his car were burning. Further, that when he was about 200 feet from the intersection he lowered the window on his side, slowed down, shifted gears and gave a hand signal, indicating his intention to turn to his left. He further stated that there was a car behind him, some 15 or 20 feet, when he commenced his turn; that this car heeded his signal and stopped as he commenced his left turn. His testimony is that the front wheels of his car were almost on the gravel of the Nelson Canal Road when Breaux’s vehicle struck his car. His testimony is corroborated in all respects by his two guest passengers.
LeBlanc did say he did not see Breaux’s car but noticed only the car immediately following him, and that when it came practically to a stop he attempted the left turn. He said the lights from the car immediately behind him made it hard for him to see if there was a third car following.
The plaintiff, Breaux, was about 25 feet behind the car immediately following Le-Blanc, and when it came to practically a stop, according to his testimony, he blinked •his lights and sounded his horn and started to pass, when the collision occurred. According to LeBlanc’s testimony, which is corroborated by Broussard, the plaintiff, Breaux, applied his brakes and sounded his horn at the same time, just before the collision. Breaux himself testified that he was not sure whether he sounded his horn until he was just about between the defendant’s vehicle and the one following it.
The District Court, with written reasons, found the plaintiff, Breaux, to have been guilty of contributory negligence in that he tried to pass an automobile at an intersection and that he did not give audible and sufficient warning of his intention to pass in time to make such warning effective.
LSA-R.S. 32:233, subd. E provides:
“The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer.”
Breaux was guilty of negligence in attempting to pass both vehicles at an intersection, and the trial court found, as a fact, that if he did blow his horn and blink his lights, this warning was too late to be effective as it happened at the same time he braked his car in an effort to avoid the collision.
The plaintiff, Breaux, testified he was traveling at about 55 miles per hour. The LeBlanc car, when struck, was lifted off the ground and knocked some 100 feet away. All of the witnesses testified to this fact, and the trooper who investigated the accident, corroborated their statements. It seems that Breaux was guilty of negligence *114 in that he attempted to pass a moving vehicle at a known intersection; and that his speed was excessive under the circumstances. It was proven he was familiar with the scene of the accident and knew of the intersection.
The trial court found that LeBlanc was also negligent in attempting to make a left turn without being sure it was safe to do so; that if a signal was given by LeBlanc it was too late to be effective, and that he should have slowed down, turned to his right and been assured the traffic conditions were such that this maneuver could be made in safety.
This case presents merely a question of fact, and a review of all of the evidence leads us to the conclusion that the accident occurred through the negligence of both drivers. There is no reconventional demand, and it is necessary only to find some negligence on the part of Breaux to prohibit any recovery by him or his insurer.
Finding no manifest error, the judgment of the District Court is affirmed.